AMERICAN BOX MACH. CO. v. CROSMAN et al.

(Circuit Court of Appeals, First Circuit. May 14, 1894.)

No. 76.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit for the specific performance of a contract by the American Box Machine Company against George A. Crosman and others, in which there was a decree (57 Fed. 1021) dismissing the bill as against Crosman and the Lynn Box Machine Company, but granting an injunction against the remaining respondents. Complainant now appeals from this decree.

William A. Jenner and Edmund Wetmore, for complainant.

Thomas W. Clarke and Niles & Carr, for defendants.

Before COLT, Circuit Judge, and NELSON and WEBB, District Judges.

PER CURIAM. In this case the plaintiff below, who is the appellant, appeals from certain parts of the decree of the circuit court. The errors assigned are as follows:

"(1) The court erred in holding that the bill of complaint be dismissed as against the defendants Crosman and the Lynn Box Machine Company, with costs. (2) The court erred in refusing an accounting of damages and profits."

As to the first assignment of error, we think it should be overruled, for the reasons stated in the opinion of the circuit judge. With respect to the second assignment of error, the court below having decreed that the remaining defendants either manufactured or sold one or more two-strip machines, or machines which may be operated as such, in violation of the agreement of January 23, 1888, and having directed a perpetual injunction to issue against

them, we think that the complainant is entitled, according to the usual course of equity, to a reference to a master. The invasion of the complainant's right having been established, and an injunction ordered, it may be presumed that there are some profits or damages to be recovered. The decree of the circuit court is modified so as to order a reference to a master to take an account of profits, and damages, if any, in addition thereto, against the defendants, except Crosman and the Lynn Box Machine Company, and in all other respects said decree is affirmed.